**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

ROBERT K. DAYE
66 U Street, N.W.
Washington, D.C. 20001,

                        Plaintiff,

vs.

POTBELLY SANDWICH WORKS, LLC.
Union Station
50 Massachusetts Avenue, N.E.
Washington, D.C. 20002,

         SERVE Registered Agent:
         CT Corporation System
         1015 15th Street, N.W.
         Suite 1000
         Washington, D.C. 20005,

                        Defendant.



Civil Action No. **15 - 0000708**

**JURY DEMAND**

## COMPLAINT OF RACE DISCRIMINATION

1.    Plaintiff Robert Daye files this civil action against Defendant Potbelly Sandwich Works,

LLC. ("Potbelly"), pursuant to the District of Columbia Human Rights Act ("D.C. HRA"), D.C.

Code §§ 2-1401 et seq. (2001), seeking relief for harm caused to Mr. Daye by Defendant's

unlawful discrimination on the basis of race, creation of a hostile work environment based on

race, and retaliation for complaining about the discrimination. Over the span of approximately

two years, Defendant's Shift Leader, Emmaline Olson, called Mr. Daye and his African-

American co-workers "lazy niggers" with the full knowledge and support of Potbelly's General

Managers, District Manager, and Office of Human Resources.

1



Mr. Daye and his colleagues made numerous internal complaints to their superiors, and on January 7, 2014 to Defendant's Office of Human Resources, but Defendant failed to take any action to stop Ms. Olson's abusive behavior. In addition to ignoring the situation, Defendant retaliated against Mr. Daye by threatening to terminate his employment and threatening his life and his child's life.

Mr. Daye seeks all remedies available under the D.C. Human Rights Act, including but not limited to compensatory and punitive damages; reasonable attorney fees, costs, and expenses; abatement and other equitable relief; and such other relief as the Court deems just and appropriate in order to fully remedy Defendant's unlawful acts.

### Parties

2.    Plaintiff Robert Daye is a United States citizen and resides at 66 U Street, N.W., Washington, D.C. 20001. At all times relevant to his Complaint, he was employed by Defendant Potbelly Sandwich Works, LLC., and was a Sales Associate at the Washington, D.C. Union Station location. He is African-American and black.

3.    Defendant Potbelly Sandwich Works, LLC., is a restaurant chain with stores across the country. At all times relevant to this Complaint, Defendant Potbelly was doing business in the District of Columbia through its Union Station store located at 50 Massachusetts Avenue, N.E., Washington, D.C. 20005.

The Washington, D.C. regional stores are operated by, in ascending order of hierarchy: Sales Associates, Shift Leaders, Assistant Managers, General Managers, District Managers, and a City Manager. The General Manager is the highest position in an individual store, the District Manager provides oversight to seven stores in the region, and the City Manager oversees

Washington, D.C. Emmaline Olson (white) was a Shift Leader at the Union Station Potbelly store from October 2012 until March 2014, before she transferred to Defendant's McPherson Square location. Joseph Valin (white) was Union Station's General Manager from June 2013 to October 2013. Ross Carlson (white) took over as General Manager beginning November 2013. Mamadou Gueye was the District Manager from July 2011 to December 2013, before Defendant promoted him to City Manager from January 2014 to August 2014. Each of these individuals is or was an agent of the Defendant who had actual authority, apparent authority, or both, to act on behalf of the Defendant in relation to its employees in matters of scheduling, performance appraisals, compensation, promotions, discipline and terminations, or some combination thereof.

## Jurisdiction and Venue

4.     This Court has subject matter jurisdiction over this Complaint pursuant to the D.C. Human Rights Act, D.C. Code §§ 2-1402.11(a)(1)(2001). Defendant's business activities and transactions in the District of Columbia establish the minimum contacts required for personal jurisdiction. *See* D.C. Code § 13-423(a)(1) & (2) (2001).

5.     For the above reasons, venue is also proper.

## Facts

6.     Plaintiff Robert K. Daye has worked for Potbelly from October 2007 to September 2008 and from May 2009 to the present.

7.     Emmaline Olson worked with Mr. Daye on the same or overlapping shifts approximately three days per week, eight hours per day from January 2011 until March 2014. [1]

---

[1] Ms. Olson transferred to a comparable position in the McPherson Square Potbelly store during or around March 2014.

8.     Every working day, approximately five times a day, for the course of approximately two years, Ms. Olson openly and routinely called Mr. Daye "Nigger," made racist comments, such as "You Niggers always loud," "Y'all some lazy Niggers," or "You the only Nigger back there just standing around doing nothing."

9.     Ms. Olson victimized not only Mr. Daye, but also many of his black colleagues, including Sales Associates Anthony Watkins, Michael Cooper, Michael Woodland, Keyona Dandridge, and Kendra Hawkins.

10.    In the summer of 2013, Mr. Daye complained to Potbelly Union Station's General Manager at the time, Joseph Valin. Mr. Daye overheard Mr. Valin caution Ms. Olson that "she shouldn't say this."

11.    Nonetheless, Ms. Olson's behavior towards Mr. Daye did not change after being cautioned.

12.    After Mr. Daye complained, in July 2013, Mr. Valin, Ms. Clarke, and Mr. Gueye threatened to terminate him approximately six times.

13.    In November 2013, Ross Carlson took over as General Manager of the Union Station store.

14.    Mr. Watkins, Ms. Dandridge, and Ms. Hawkins complained about Ms. Olson's behavior to Mr. Carlson and other management staff at various times.

15.    On information and belief, Mr. Carlson took no action to stop Ms. Olson's vile and racist behavior, as indicated by the fact that Ms. Olson continued to use racial slurs against Mr. Daye and his black co-workers.

16.    In fact, on or about December 7, 2013, Ms. Olson said to another Potbelly Shift Leader, Shavon Moody, that she was "unafraid of saying Nigger." When Mr. Anthony Watkins confronted her about what she said, Ms. Olson responded "Whatever, Nigger."

17.    Mr. Watkins notified Mr. Carlson about Ms. Olson's comments on the same date, but Mr. Carlson did nothing.

18.    On January 7, 2014, Mr. Daye and his co-workers, Keyona Dandridge, Talitha Jones, Anthony Watkins, and Kendra Durant, complained to Amy Schuwolf, who worked in Potbelly's Office of Human Resources, about Ms. Olson's discriminatory behavior.

19.    On or about February 2, 2014, Ms. Olson told Mr. Daye that "You the only Nigger back there just standing around doing nothing."

20.    Sales Associate Talitha Jones was present and heard Ms. Olson's racist remarks and she complained about Ms. Olson's racist statement to Mr. Ross Carlson.

21.    Shortly thereafter, in February 2014, Mr. Watkins overheard Mr. Ross Carlson discussing issuing Mr. Daye a written reprimand for not calling the store three hours before his scheduled start time to report that he would be absent that workday. Mr. Daye called the store to report his absence at 8:15, and the store did not open until 9:00 a.m. No one would have been available to take his call before 8 a.m. which is when the first shift reported.

22. On February 18, 2014, Mr. Ross Carlson issued Mr. Daye a Corrective Action Record for being absent despite notifying the store and for being "15 minutes late for his 8am shift" the following day.

23. In March 2014, Mr. David Carlson was so furious at Mr. Daye for reporting Ms. Olson that he told Ladonna Durant that he was going to "mess up [Mr. Daye] and kill him and his child and

5

girlfriend." Ladonna Durant conveyed the messaged to Kendra Dawkins, who warned Mr. Daye.

Mr. Daye contacted the police.

24. To Mr. Daye's knowledge, Potbelly did not take any action after Mr. Daye reported Mr. Carlson's threat to the Office of Human Resources.

25. As a result of Defendant's unlawful behavior and threats against his well-being, Mr. Daye sought medical treatment.

### Causes of Action

### COUNT I
### RACE DISCRIMINATION
### IN VIOLATION OF THE D.C. HRA

26. Plaintiff incorporates by reference the allegations stated in paragraphs 1-25 of his Complaint.

Plaintiff is African American, and therefore is a member of a protected class. Defendant's actions discriminated against Plaintiff by reason of his race, in violation of the DC HRA, D.C. Code §§ 2-1401 *et seq.* Defendant's abusive use of racial epithets and stereotypes against Mr. Daye dredges up this nation's history of slavery and cannot be tolerated.

As a result of Defendant's conduct, Plaintiff suffered substantial damages, including, but not limited to, loss of income, pain and suffering, emotional distress, and humiliation.

### COUNT II
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF THE D.C. HRA

27. Plaintiff incorporates by reference the allegations stated in paragraphs 1-25 of his Complaint.

Plaintiff was subjected to unwelcome harassment based on his race. The hostile work environment created by Defendant was sufficiently severe and pervasive to affect the terms, conditions, and privileges of Plaintiff's employment and created an abusive working environment. Defendant's use of "nigger" is the ultimate expression of white superiority and by itself suffices to establish a hostile work environment. Here, Ms. Olson called Mr. Daye a "Nigger" for a span of two years.

Plaintiff repeatedly complained about the offensive treatment and statements to Ms. Olson, her superiors, and the Defendant's Office of Human Resources. Defendant failed to adequately investigate Plaintiff's complaint and took no remedial action. Despite Plaintiff's complaints, the harassment continued unabated.

As a result of Defendant's conduct, Plaintiff suffered substantial damages, including, but not limited to, loss of income, pain and suffering, emotional distress, and humiliation.

## COUNT III
## RETALIATION
## IN VIOLATION OF D.C. HRA

28.    Plaintiff incorporates by reference the allegations stated in paragraphs 1-25 of his Complaint.

After Plaintiff complained to his General Manager and the Defendant's Office of Human Resources about Ms. Olson's racist behavior, Defendant reprimanded Plaintiff for insignificant transgressions and threatened to terminate him on multiple occasions.

Defendant took no action against its General Manager or to protect Plaintiff after learning that its General Manager threatened to kill Plaintiff and his family for complaining about race discrimination.

7

## Relief Requested

29.    Plaintiff requests the following relief:

A.    A finding and declaratory judgment that Defendant has discriminated and

retaliated against Plaintiff Robert Daye;

B.    Equitable relief abating Defendant's violations, enjoining Defendant from further

unlawful acts, requiring a posting of a new compliant anti-harassment policy, and

such other relief as may be just and proper to remedy and prevent violations;

C.    Expunge the February 18, 2014 Corrective Action Record from Mr. Daye's file;

D.    Compensatory damages for injury to his reputation and his mental and physical

health related to the Defendant's unlawful race discrimination, harassment, and

retaliation, in an amount to be proven at trial;

E.    Punitive damages;

F.    Reasonable attorney fees, costs, and expenses of bringing this action; and

G.    Such other relief as the Court determines is just and appropriate.

## Jury Demand

30.  Plaintiff requests a trial by jury.

Elaine L. Fitch
(D.C. Bar No. 471240)
Nina Y. Ren
(D.C. Bar No. 1020170)
Kalijarvi, Chuzi, Newman & Fitch, P.C.
1901 L Street, N.W., Suite 610
Washington, D.C. 20036
Tel: (202) 331-9260
Attorneys for Plaintiff

January 30, 2015

8